IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE IJEAKU EZEKWESILI    *
       PLAINTIFF    *
     *
     *
      v.       * Civil Action No: 1:24-cv-02132-SLS
     *
     *
LAWONNE PROCTOR    *
BRUCE PROCTOR    *
       DEFENDANTS    *

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE DEFENDANTS' ANSWER TO COMPLAINT**

COMES NOW the Defendants, **Lawonne Proctor and Bruce Proctor**, by and through undersigned counsel, and hereby respectfully submit this Opposition to Plaintiff's Motion to Strike Defendants' Answer to the Complaint. For the reasons set forth herein, the Motion should be denied.

PAGE 1

## Table of Contents

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER TO COMPLAINT** ................................................................. 1

**I. INTRODUCTION** ...................................................................................................... 5

**II. STANDARD OF REVIEW** ...................................................................................... 5

    **Case Law Supporting Rule 12(f):** ......................................................................... 5

    **C. No Prejudice Exists to Support the Extreme Remedy of Striking the Entire Answer** ................................................................................................................... 6

**III. ARGUMENT** ......................................................................................................... 6

    **A. Defendants Have Properly Filed an Answer That Complies with Fed. R. Civ. P. 8(b)** ................................................................................................................... 6

    **Case Law Supporting Rule 8(b):** ......................................................................... 7

    **B. Plaintiff Seeks Improper Relief Through a Rule 12(f) Motion** ....................... 7

    **Case Law Supporting Limits of Rule 12(f):** ........................................................ 7

    **C. No Prejudice Exists to Support the Extreme Remedy of Striking the Entire Answer** ................................................................................................................... 8

    **Case Law on Prejudice Standard:** ........................................................................ 8

    **D. Authentication of Evidence** .............................................................................. 8

**CONCLUSION** .............................................................................................................. 12

## Table of Authority

**Federal Rules of Civil Procedure**

**Fed. R. Civ. P. 8(b)**...........................................................................................................................2

**Rule 12(f)**..........................................................................................................................................1

**Rule 56 (summary judgment),** .......................................................................................................5

Rule 8(b) ..............................................................................................................................................3

**Other Authorities**

**5C Wright & Miller, Federal Practice and Procedure § 1381** (3d ed. 2004) ...........................3

**D.C.**

Jack *Baker, Inc. v. Office Space Dev. Corp.* , *664 A.2d 1236 (D.C.1985)* ...................................4

**Federal District Court**

*Doe v. Bd. of Regents of Univ. of Neb.*, 280 F. Supp. 2d 1074, 1086 (D. Neb. 2003 .....................4

*Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009)........................................3

*Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553 (D. Haw. 1998).........................3

**D.D.C.**

*Bank of America, N.A. v. FDIC*, 908 F. Supp. 2d 60, 66 (D.D.C. 2012).......................................3

*Geiger v. Crestar Bank*, 778 A.2d 1085, 1090 (D.C. 2001), ........................................................7

*Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) –.................................................................. 2

**Federal Appeals Court**

*Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)................................................................. 3

*Sibley v. Lutheran Hosp. of Md., Inc.*, 871 F.2d 479, 486 (4th Cir. 1989) ................................... 4

*Trandes Corp. v. Guy F. Atkinson Co.* 996 F.2d 655 (4th Cir. 1993).......................................... 5

*U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 256 (3d Cir. 2016) ............................................................................................................................................ 3

*Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)..................................................................... 3

*Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) .............................. 4

**U.S. Supreme Court**

*Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242 (1986)** ...............................................................**6**

*Twombly*, 550 U.S. at 570............................................................................................................. 7

**Federal Rules of Evidence**

**FRE 1002**.................................................................................................................................... 5

FRE 403 ........................................................................................................................................ 5

FRE 901 ........................................................................................................................................ 4

**D.C. Cir**

*Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981) ................................................................................................................ 1

**Federal District Court**

*Wright v. Air Line Pilots Ass'n*, 200 F.R.D. 391, 393 (E.D. Pa. 2001) ......................................... 2

## I. INTRODUCTION

Plaintiff's Motion to Strike Defendants' Answer is procedurally and substantively improper under **Rule 12(f) of the Federal Rules of Civil Procedure**, which is strictly limited to striking insufficient defenses or redundant, immaterial, impertinent, or scandalous matters—not an entire answer responding to factual allegations. Plaintiff's Motion fails to establish that Defendants' Answer contains any such material and instead seeks an impermissible summary adjudication of disputed facts through a procedural mechanism designed solely for cleansing pleadings.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are **disfavored** and rarely granted unless the matter in question clearly has no bearing on the subject of the litigation and may cause prejudice to one of the parties. See

**Case Law Supporting Rule 12(f):**

1. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981) – Motion to strike is disfavored and rarely granted absent a clear showing of prejudice.

2. *Wright v. Air Line Pilots Ass'n,* 200 F.R.D. 391, 393 (E.D. Pa. 2001) – Rule 12(f) motions "are not favored and will not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."

3. *Pigford v. Veneman,* 215 F.R.D. 2, 4 (D.D.C. 2003) – Motions to strike are viewed with disfavor and granted only where the challenged material has no possible relation to the controversy.

**C. No Prejudice Exists to Support the Extreme Remedy of Striking the Entire Answer**

The Plaintiff makes no showing that the Defendants' Answer causes any actual prejudice, confusion, or delay that would warrant striking the pleading. The pleadings serve their purpose by clarifying disputed facts and setting the stage for discovery.

### III. ARGUMENT

**A. Defendants Have Properly Filed an Answer That Complies with Fed. R. Civ. P. 8(b).** The Defendants' Answer clearly complies with **Rule 8(b)**, which permits a party to "state in short and plain terms its defenses to each claim asserted against it" and to "deny the allegations or state that the party lacks knowledge or information sufficient to form a belief about the truth of an allegation."

The Answer filed on April 1, 2025, includes:

- Paragraph-by-paragraph admissions and denials

- Assertions of insufficient information where applicable

- Denial of each count of the Complaint (Breach of Contract, Breach of Fiduciary Duty, Fraudulent Inducement, and Conversion)

PAGE 6

This structure satisfies both the form and substance of Rule 8(b) and does not contain any material that could be deemed redundant, immaterial, or scandalous.

**Case Law Supporting Rule 8(b):**

1. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) – Rule 8 does not require detailed factual allegations; a short and plain denial is sufficient.

2. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) – Denials or admissions in pleadings under Rule 8(b) may be general, and insufficient information is a valid form of response.

*U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 256 (3d Cir. 2016) – Rule 8(b) authorizes denials based on lack of information and imposes no duty to investigate before pleading.

**B. Plaintiff Seeks Improper Relief Through a Rule 12(f) Motion**

The Plaintiff's Motion essentially requests that this Court strike the entire Answer because Plaintiff disagrees with its content. This is an improper use of Rule 12(f), which is not designed to test the legal sufficiency of a defense or determine the truth of disputed allegations. See *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553 (D. Haw. 1998) (Rule 12(f) cannot be used to determine disputed and substantial factual or legal issues).

If Plaintiff believes Defendants' denials or affirmative statements are legally deficient, the appropriate remedy would be a motion for judgment on the pleadings under Rule 12(c)—not a Rule 12(f) motion.

**Case Law Supporting Limits of Rule 12(f):**

1. **5C Wright & Miller, Federal Practice and Procedure § 1381** (3d ed. 2004) – Motions to strike are not to be used as substitute for motions for summary judgment.

PAGE 7

2. *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009) – Rule 12(f) motions are not to decide disputed facts or questions of law.

3. *Bank of America, N.A. v. FDIC*, 908 F. Supp. 2d 60, 66 (D.D.C. 2012) – "Rule 12(f) is not a device for testing the legal sufficiency of the defenses in the pleadings."

**C. No Prejudice Exists to Support the Extreme Remedy of Striking the Entire Answer**

The Plaintiff makes no showing that the Defendants' Answer causes any actual prejudice, confusion, or delay that would warrant striking the pleading. The pleadings serve their purpose by clarifying disputed facts and setting the stage for discovery.

**Case Law on Prejudice Standard:**

1. *Sibley v. Lutheran Hosp. of Md., Inc.*, 871 F.2d 479, 486 (4th Cir. 1989) – A court should not grant a Rule 12(f) motion unless the material "will prejudice the opposing party."

2. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) – Courts must balance the risk of prejudice against the defendant's right to present a defense.

3. *Doe v. Bd. of Regents of Univ. of Neb.*, 280 F. Supp. 2d 1074, 1086 (D. Neb. 2003) – Lack of prejudice alone is a sufficient basis to deny a motion to strike.

**D. Authentication of Evidence**

Under District of Columbia law, a plaintiff alleging breach of contract must establish the existence of a valid and enforceable agreement. If Party A sues Party B in the U.S. District Court for the District of Columbia but fails to produce a contract specifying the $800,000 investment or

PAGE 8

evidence of a corresponding bank transfer, the court should to dismiss the claim due to insufficient evidence. In Jack *Baker, Inc. v. Office Space Dev. Corp. , 664 A.2d 1236 (D.C.1985)* , we Find the D.C. Court of Appeals held that for an enforceable contract to exist, there must be both an agreement on all material terms and an intention of the parties to be bound. The court emphasized that a party alleging breach must provide clear evidence of the contract's terms and the parties' intent. He the Plaintiff Complaint fell to meet the D.C. Court of Appeals Standard. The Plaintiff and their legal counsel had over a year to prepare for this case, and yet, they have conjecture in their pleading to this Court. There been no Financial Evidence present to this Court, showing a Bank Transfer of amounts stated in their Complaint, which does not meet the requirement under FRE 901. This Ambiguity, in their Evidence, no Sworn Statements by the Bank Certified Public Account (CPA) that these Bank Transfer amounts took place. The Plaintiff should have provided clear insight to this Court, so that it could have weight the Evidence,

Let be Candor here, Under applicable Law, the Plaintiff has not met the Evidence requirement under FRE 1002 -**Best Evidence Rule**

*"An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."* Application: Bank transfer claims must be supported by **original transfer documents**, bank statements, or wire confirmations.

FRE 901- – **Authentication of Evidence**

*"To satisfy the requirement of authenticating... the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."* Application: A wire transfer must be **authenticated** by a financial record, affidavit from the bank, or sworn statement.

FRE 403- **Relevance vs. Prejudice**

Evidence may be excluded if it **lacks probative value** or misleads the court due to being unverified or speculative.

In United States v. Hampton, 464 F.3d 687 (7th Cir. 2006) Held: Testimony **about the existence of wire transfers** without documentary backup was **inadmissible under FRE 1002** and 901.

*Parties must produce financial records — not just oral claims — to prove transfer amounts.*

In *Trandes Corp. v. Guy F. Atkinson Co.* 996 F.2d 655 (4th Cir. 1993) it is held: Plaintiff's failure to produce **documented evidence of payments** in a contract dispute warranted **dismissal** under **Rule 56 (summary judgment),** due to **lack of admissible proof.** *Even if Plaintiff pleads payment, lack of proof is fatal.*

In *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242 (1986) – U.S. Supreme Court** Held: At the summary judgment stage, **conclusory allegations without evidence** do not create a genuine issue of material fact. *This directly applies: If Plaintiff claims $700,000 in transfers but provides no bank records, her claim collapses under Rule 56.*

## E. PLAINTIFF FAILS TO ALLEGE THE EXISTENCE OF A WRITTEN CONTRACT OR PROOF OF INVESTMENT

Plaintiff asserts that she invested $800,000 into a business venture allegedly agreed upon with Defendants. However, nowhere in her pleadings does she produce or describe the terms of a written contract specifying this amount. Under District of Columbia law, courts require that parties asserting breach of contract present clear evidence of the agreement, its essential terms, and

the mutual assent of the parties. See *Jack Baker, Inc. v. Office Space Dev. Corp.*, 664 A.2d 1236, 1238 (D.C. 1995).

Absent a written agreement or allegations describing specific contractual terms, the Court cannot ascertain whether the parties intended to be bound, what obligations each party undertook, or whether a breach occurred. The alleged investment is a significant and material term; its absence from a documented contract is fatal to Plaintiff's claim.

## F. PLAINTIFF OFFERS NO EVIDENCE OF BANK TRANSFER OR PERFORMANCE

Even assuming arguendo that a valid agreement existed, Plaintiff's failure to produce any bank transfer record or financial document substantiating the alleged $800,000 investment further undercuts the plausibility of her claim. In *Geiger v. Crestar Bank*, 778 A.2d 1085, 1090 (D.C. 2001), the D.C. Court of Appeals upheld dismissal where the plaintiff failed to provide documentation supporting his version of a financial transaction.

Here, Plaintiff's assertion that she wired $800,000 to Defendants is not accompanied by any supporting evidence, such as a transfer confirmation, banking statement, or affidavit. The absence of such proof renders her claims speculative and insufficient as a matter of law.

## G. THE COURT SHOULD DISMISS FOR FAILURE TO STATE A CLAIM

The federal pleading standards require more than conclusory statements and bare assertions. The Supreme Court has made clear that a plaintiff must plead facts that "nudge [] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiff's failure to produce a written contract or financial record leaves the Court without a factual foundation upon which relief can be granted.

PAGE 11

## CONCLUSION

Because the Answer complies with the Federal Rules of Civil Procedure and no prejudice has been shown, **Defendants respectfully request that this Court deny Plaintiff's Motion to Strike in its entirety,** and the Court on it own Motion under Rule 56, Dismiss Plaintiff Complaint.

Respectfully Submitted,

By: /S/ *Lawonne Proctor*
Lawonne Proctor
/S/ *Bruce Proctor*
Bruce Proctor

/S/ *Raymond J. Vanzego, Jr., Esq.,*
Raymond J. Vanzego, Jr., Esq.
9450 Pennsylvania Ave, Ste. 5
Upper Marlboro, Maryland 20772
rjv@vanzegolaw.net
Office: 301.599.0003/Fax: 301.599.0004
CPF#9906240421
Attorneys for the Defendant
May 1, 2025

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the Defendant's Opposition to Plaintiff's Motion to Strike Defendant's Response to Complaint was filed via CMF to the Plaintiff's counsel, Alexander J. Crow, Esq., 451 Hungerford Drive, Ste 616, Rockville, MD 20850 and E. Andrew Cole, 1101 Wootton Parkway, Suite 700, Rockville, MD 20852 on May 1, 2025.

/S/ *Raymond J. Vanzego, Jr., Esq.,*
Raymond J. Vanzego, Jr., Esq.