EXHIBIT B

**From:** lawonne.proctor@affordablehhc.com <lawonne.proctor@affordablehhc.com>
**Date:** Thursday, January 12, 2023 at 7:59 PM
**To:** Ijeaku Ezekwesili <ijeaku@trulifehealthservices.com>
**Subject:** FW: Fwd: Draft Settlement Agreement

-----Original Message-----
From: "eric Walcott" <ericwalcott831@gmail.com>
Sent: Thursday, January 12, 2023 12:19pm
To: lawonne.proctor@affordablehhc.com, "Lynne Riggins-Person" <Wind921@aol.com>, "BEVERLY GHOLSTON" <bdgholston@comcast.net>
Cc: "Michelle Bell" <mbell@mcblawpllc.com>
Subject: Fwd: Draft Settlement Agreement

Greetings All:

Please see the draft settlement agreement attached to this email.  Attorney
Bell has requested that we review for completeness, as the agreement is
still to be considered a working draft document at this time.

Let us plan to talk soon so that we can contribute to having a final
document by Close of Business today.

Kind regards,
Eric
202-660-3366

---------- Forwarded message ----------

1

From: Michelle Bell <mbell@mcblawpllc.com>
Date: Thu, Jan 12, 2023, 11:44 AM
Subject: Draft Settlement Agreement
To: <ericwalcott831@gmail.com>

Hi Eric,

Please forward to the team and get input. I know that Paragraph 3 (and subsets) need rewording and probably additional language. Feel free to send me your edits and thoughts for the entire document.

Thank you.

Michelle Bell

Small Business & Estate Planning Attorney

MC Bell Law Firm PLLC

The Willard

1455 Pennsylvania Ave., NW, Suite 400

Washington, DC 20004

(240) 230-3633 office

(202) 905-0105 fax

Click here <https://calendly.com/mcblawpllc/30min> to book a consultation with me

Confidential Information: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this email in error, please do not read, distribute, or take action in reliance upon its contents. Instead, please notify me immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

2

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
**BETWEEN AFFORDABLE HOME HEALTH CARE, INC. AND**
**THE DISTRICT OF COLUMBIA DEPARTMENT OF BEHAVIORAL HEALTH**

This Settlement Agreement and General Release (hereinafter "Agreement") is hereby voluntarily and knowingly entered into between the District of Columbia Department of Behavioral Health (DBH) and Affordable Home Health Care, Inc. (AHHC) (hereinafter collectively referred to as the "Parties" or "Released Parties").

WHEREAS, on or about March 4, 2022, DBH sent a Notice of Intent to Terminate AHHC's certification for all Mental Health Rehabilitation Services (MHRS) (hereinafter "Notice of Decertification") effective June 30, 2022. On or about April 1, 2022, AHHC sent to DBH a Request for Administrative Review to rescind the Notice of Decertification. On May 5, 2022, DBH sent its denial of DBH's Request to rescind the Notice of Decertification. On May 27, 2022, AHHC filed its appeal of DBH's Notice of Decertification with the District of Columbia's Office of Administrative Hearings (OAH), which was assigned Case No. 2022-DBH-00005 (hereinafter "Administrative Action").

WHEREAS, each party disputes the claims asserted against it, and denies all allegations related thereto in the Administrative Action;

WHEREAS, the parties have participated in settlement negotiations and, as a result, have agreed to resolve the differences existing between them and to enter into a full and complete settlement of the Administrative Action and release of all claims asserted in the Administrative Action.

NOW THEREFORE, in consideration of the mutual promises, covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. Recitals. The foregoing recitals are hereby made a part of this Agreement and are expressly incorporated herein by reference.

2. Execution of Agreement. For purposes of this Agreement, the date of execution of this Agreement shall be the date the last party to this Agreement signs the Agreement.

3. Consideration. As consideration for the mutually agreed upon terms and conditions set forth herein below, the Parties agree as follows:
    a. That DBH shall accept submission of a Core Service Agency application from Dr. Lawonne Proctor for a new agency within thirty (30) days of this signed Agreement.
    b. That DBH shall accept submission of a _____ application from Dr. Lawonne Proctor for a new agency in which she is applying for certifications that DBH offers.
    c. That DBH will work with _____ to extend the Human Care Agreement for AHHC until AHHC's MHRS certification is would down
    d. That DBH agrees to extend AHHC's MHRS certification until all consumers are transferred to another agency.
    e. That AHHC agrees to surrender its MHRS certification to DBH without any admission of fault.

Page 1 of 4

      f.    That DBH agrees not to state that AHHC surrendered its MHRS certification to DBH because of fault.

      g.

4. General Release. AHHC and DBH agree that the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their officers, directors, employees, agents, representatives, successors, assigns, subsidiaries, parents and affiliates. AHHC agrees to release DBH for any and all claims based on the Notice of Decertification.

5. Dismissal of Administrative Action without Prejudice. Once the Parties have executed this Agreement the parties will file a Joint Motion requesting that the Administrative Action be Dismissed without Prejudice. AHHC will reserve all rights pending Dismissal with Prejudice of the cases referenced in this Agreement.

6. Confidentiality. The Parties agree that this is a confidential Settlement Agreement, and that the facts and circumstances (including the negotiations) leading up to the execution of this Agreement, as well as the contents and terms of this Agreement, shall not be disclosed by either party absent express written consent of the non-disclosing party, except that DBH may share the terms of this Agreement with District or federal regulatory or law-enforcement agencies.

7. Non-Disparagement. The Parties agree not to disparage or defame each other.

8. Non-Admission of Liability. This Agreement shall not in any way be construed as an acknowledgement or admission by any of the Released Parties that either of them has acted wrongfully or unlawfully with respect to the other. The Parties acknowledge and agree that this Agreement and the payments and other actions specified in Paragraph 3 are made solely in consideration of the covenants made by the Parties in this Agreement.

9. Attorneys Fees and Costs. Each of the Parties hereto shall pay its own expenses, including attorneys' fees, incurred in connection with the Administration Action including, but not limited to the negotiation, preparation and execution of this Agreement.

10. Voluntary Agreement. The Parties represent that they have been represented by counsel during the settlement negotiations leading to this Agreement and that they have voluntarily consulted with their counsel prior to executing this Agreement. The Parties further represent and declare that they have carefully read this Agreement and know the contents thereof and that they have voluntarily and knowingly entered into this Agreement after extensive negotiation between the Parties and intend to be legally bound. The Parties represent and warrant that they accept the benefits described herein in exchange for the terms of this Agreement that inure to the benefit of the Parties without duress, coercion, fraud or undue influence.

11. Binding Effect. This Agreement shall be binding upon and inure to the benefit of the Parties and any of their respective heirs, legal or personal representatives, employees, officers, directors, agents, successors, and assigns.

12. Entire Agreement. The Parties agree and acknowledge that this Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties related to the subject matter of this Agreement. None of the Parties to this Agreement are relying upon any representation, understanding, undertaking, statement or agreement related to the subject matter of this Agreement which is not set forth in this Agreement, and each party expressly disclaims any reliance on any such representation, understanding, undertaking, statement or agreement.

13. Severability. If for any reason any provision of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement nevertheless shall be construed, performed and enforced as if the invalidated or unenforceable provision had not been included in the text of this Agreement.

14. Amendments and Waivers. This Agreement may be modified, amended, supplemented or superseded only in a written document signed by the Parties and specifically identified as an amendment to this Agreement. No failure to exercise and no delay in exercising any right, remedy or power under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, or power under this Agreement preclude any other or further exercise thereof, or the exercise of any right, remedy, or power provided herein or by law or in equity.

15. Drafting. The language used in this Agreement shall be deemed to be the language chosen by the Parties hereto to express their mutual intent and no rules of strict construction shall be applied against any party.

16. Choice of Law. The Parties agree that the laws of the District of Columbia shall govern this Agreement.

17. Heading. Section, paragraph and other captions or headings contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or otherwise describe the scope or intent of this Agreement, or any provisions thereof, and shall not affect in any way the meaning or interpretation of this Agreement.

18. Authority to Execute. Each of the undersigned individuals signing this Agreement in his/her individual capacity or as an authorized agent of a corporation or a governmental party represents and warrants that he/she is fully authorized to execute this Agreement and to bind such principal and governmental party to the terms and conditions of this Agreement.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the last day set forth below.

_____          _____
Print Name                                Print Name

Agent for Department of Behavioral Health          Agent for Affordable Home Health Care, Inc.


_____                    _____
Signature                                          Signature
Agent for Department of Behavioral Health          Agent for Affordable Home Health Care, Inc.


_____                    _____
Date                                               Date