**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE IJEAKU EZEKWESILI,<br>*Plaintiff*,<br>v.<br>LAWONNE PROCTOR, *et al.*,<br>*Defendants*. | Civil Action No. 24-2132 (SLS)<br>Judge Sparkle L. Sooknanan |

**MEMORANDUM OPINION**

This lawsuit presents a contract dispute under District of Columbia law. More than two years ago, the Plaintiff filed suit in the Superior Court of the District of Columbia. Shortly after, the Defendants chose to remove the case to this Court. Since then, counsel for the Defendants, Raymond Jerome Vanzego, Jr., has failed to appear for scheduled hearings, missed deadlines, and submitted confounding and duplicative documents in response to Court orders. After Mr. Vanzego Jr. missed his fourth hearing, which was scheduled to address his own request to continue an imminent jury trial, the Court determined that his conduct warranted sanctions. The Plaintiff then filed a motion for the fees and costs resulting from Mr. Vanzego Jr.'s missed appearance. For the reasons that follow, the Court grants the Plaintiff's motion and awards $5,975.44 to the Plaintiff.

**BACKGROUND**

In May 2024, Jane Ijeaku Ezekwesili filed this action against Lawonne and Bruce Proctor in D.C. Superior Court. *See* Defs.' Am. Notice of Removal, ECF No. 2-2. In July 2024, the Defendants removed the case to this Court on the basis of diversity jurisdiction. *See* Defs.' Am. Notice of Removal, ECF No. 2. Upon removal, the Defendants ignored an order requiring them to file or refile on this docket any answer to the Plaintiff's Complaint. Standing Order, ECF No. 4.

Perplexingly, the Defendants instead filed an answer in D.C. Superior Court *after* themselves removing the case to federal court. Answer to Compl., *Ezekwesili v. Proctor*, 2024-CAB-3060 (D.C. Super. Ct. July 24, 2024). And as of January 2025, no answer had been filed on the federal docket when the undersigned judge was assigned to the case. The Court thus directed the Parties to appear for a status conference on February 5, 2025. Min. Order (Jan. 29, 2025). Mr. Vanzego Jr. failed to appear at the status conference, Min. Entry (Feb. 5, 2025)—the beginning of a disturbing trend of him disregarding orders of this Court.

After the Defendants missed the February 5, 2026, status conference, the Court ordered them to file a post-removal answer by February 12, 2025. *See* Min. Order (Feb. 5, 2025). The Defendants did not comply. Instead, they submitted a bizarre filing requesting relief from a default judgment against them under Federal Rule of Civil Procedure 60(b) even though no default judgment had been entered. *See* Defs.' Mot., ECF No. 10 at 7–8.[1] In that filing, the Defendants represented that Mr. Vanzego Jr.'s "Law Firm Computer System was *(Hacked)* [sic] by outside Individuals" and claimed that there was "a systematic threat being spread across the country, involving many law firms." *Id.* at 6. The filing made no attempt to explain the Defendants' absence at the February 5, 2025, status conference, and in no way resembled the answer to the Plaintiff's Complaint that the Court had ordered. *See id.*; Min. Order (Feb. 5, 2025).

On February 15, 2025, the Court again ordered the Defendants to file an answer, this time by February 21, 2025. Min. Order (Feb. 15, 2025). Inexplicably, on February 20, 2025, the Defendants filed a 19-page document, ECF No. 11, the first 14 pages of which were identical to their previous filing, ECF No. 10. *See* Defs.' Mot., ECF No. 10; Defs.' Mot., ECF No. 11 at 1–14.

[1] For ease of reference, throughout this opinion the Court refers to page numbers assigned by the Court's electronic filing system (ECF).

Then, that same day, the Defendants finally filed a response to the Court's February 15, 2025, Order, as well as their Answer. *See* Defs.' Resp., ECF No. 12; Defs.' Answer, ECF No. 13. All told, it took the Defendants seven months after they removed this case to federal court to file an answer.

On March 4, 2025, the Court issued an order setting an Initial Scheduling Conference for April 8, 2025, at 11:00 AM. Order, ECF No. 14. Mr. Vanzego Jr. failed to appear at this hearing as well, arriving after the case had been called and the Court had turned to other matters. Min. Entry (April 8, 2025). The Court cautioned him about his tardiness and instructed him to be more diligent going forward. *Id.* The Court issued its Scheduling Order later that day and discovery commenced. *See* Scheduling Order, ECF No. 21. On June 6, 2025, the Defendants filed a Third-Party Complaint, joining multiple Defendants. *See* Defs.' Third-Party Compl., ECF No. 29. They did so without obtaining the Court's leave, even though "[a] third-party plaintiff must, by motion, obtain the court's leave if it files [a] third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(1).

On August 27, 2025, the Parties filed a motion to extend the discovery deadline and requested a status conference. Among other things, the Plaintiff claimed that the Defendants had "fail[ed] to provide initial disclosures that [] prejudiced [the] Plaintiff from properly crafting and propounding written discovery." Joint Mot., ECF No. 32 at 2. The Court set a status conference for September 9, 2025. Min. Order (Aug. 29, 2025). Mr. Vanzego Jr. failed to appear on time for that hearing as well. The Court again cautioned him about his tardiness and extended the discovery deadline by two months. Min. Entry (Sep. 9, 2025).

Discovery closed on November 21, 2025, *see* Min. Order (Nov. 12, 2025), and none of the Parties filed dispositive motions by the Court's December 22, 2025, deadline, Min. Order (Feb. 2,

2026). On February 10, 2026, the Court ordered the Parties to appear for a status conference on February 19, 2026, to finalize a trial date. Min. Order (Feb. 10, 2026). Counsel for the Plaintiff was present, as was a Third-Party Defendant, appearing pro se, who had traveled from North Carolina.

But Mr. Vanzego Jr. failed to appear. Min. Entry (Feb. 19, 2026). To prevent prejudice to the Plaintiff, the Court scheduled trial to begin on May 18, 2026, and set a pretrial conference for April 28, 2026. *Id.* The Court also ordered the Defendants to show cause why it "should not issue sanctions for the [Defendants'] failure to appear at the February 19, 2026, status conference[.]" Min. Order to Show Cause (Feb. 19, 2026).

Mr. Vanzego Jr. responded to the February 19, 2026, Order, attributing his latest absence to the fact that he had not properly calendared the hearing. Defs.' Resp. to Min. Order to Show Cause, ECF No. 44 at 1. He also noted that "[a]s a practicing attorney for over twenty-five (25) years, counsel understands the importance of appearing at trials and conferences" and that "[p]rior to the [February 19] Status Conference, underlying counsel promptly participated in the all [sic] previously scheduled court conferences." *Id.* at 1–2. As the record makes clear, these assertions were false given Mr. Vanzego Jr.'s track record of absences and tardiness in this case. *See* Min. Entry (Feb. 5, 2025); Min. Entry (April 8, 2025); Min. Entry (Feb. 19, 2026). The Court warned the Defendants that their Third-Party Complaint may be dismissed for failure to prosecute if they continued to "fail to submit filings in a timely manner or appear at future hearings *at their scheduled times* going forward[.]" Min. Order to Show Cause (April 17, 2026).

At 4:22 PM on May 12, 2026, with trial less than a week away, the Defendants filed a motion to continue the trial due to one of the Defendants having had back surgery *more than two weeks earlier*. *See* Defs.' Mot. to Continue Trial, ECF No. 59. Less than an hour later, at 5:09 PM,

the Court issued an Order scheduling a status conference for May 14, 2026, at 2:30 PM, to address the Defendants' motion and explore whether trial could proceed with reasonable accommodations for any health limitations facing the Defendants. *See* Min. Order (May 12, 2026). Counsel for the Plaintiff and the Third-Party Defendants were present, with counsel for the Third-Party Defendants having traveled from North Carolina. But Mr. Vanzego Jr. failed to appear at that status conference, too. *See* Min. Entry (May 14, 2026). As the Court previously warned, it dismissed the Defendants' Third-Party Complaint without prejudice for failure to prosecute, *id.*, and denied the request for a continuance as it lacked the necessary information to resolve that motion, *id.*; Min. Order (May 14, 2026).

The next day, the Defendants filed a Motion to Vacate Dismissal, attributing counsel's latest failure to appear to the fact that "[t]he relevant notice scheduling the conference was transmitted electronically after normal business hours, and counsel did not become aware of it in a timely manner under ordinary office review procedures." Defs.' Mot. to Vacate Dismissal, ECF No. 61 at 5 (emphasis omitted). Of course, the Court's Order was transmitted at 5:09 PM less than an hour after the Defendants' own motion, and there was an intervening business day between the Court's Order and the scheduled status conference. *See* Min. Order (May 12, 2025).

On Monday, May 18, 2026, at 9:30 AM, the Court called the case for jury selection. *See* Min. Entry (May 18, 2026). Mr. Vanzego Jr. was present, along with one of the Defendants, Lawonne Proctor. Pl.'s Aff., ECF No. 71-2 at 2. There, the Court learned for the first time that the other Defendant, Bruce Proctor, was on probation in Texas and would not be attending trial at all. *Id.* Meanwhile, Ms. Proctor indicated that she was on medication due to her recent surgery that would impact her ability to cogently testify at trial. The Plaintiff was ready to proceed and had witnesses standing by, including two witnesses who had traveled from Texas to testify at trial. Pl.'s

Aff., ECF No. 71-2 at 1; Pirotina Aff., ECF No. 71-4 at 1–2. A pool of twenty-five prospective jurors waited in the hallway outside the courtroom, ready for voir dire. The Defendants renewed their motion to continue trial, and the Court, after providing a lengthy explanation of Mr. Vanzego Jr.'s unacceptable conduct to date, granted that motion. *See* Min. Entry (May 18, 2026).

The Court also determined that the Defendants had repeatedly "fail[ed] to appear at a scheduling or other pretrial conference" and "fail[ed] to obey a scheduling or other pretrial order," warranting sanctions under Federal Rule of Civil Procedure 16(f). *See* Min. Order (May 29, 2026); Fed. R. Civ. P. 16(f)(2) (noting that in such a scenario, the court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance"). And the Court concluded that sanctions against Mr. Vanzego Jr. were appropriate pursuant to Rule 16(f)(2) and the Court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

On May 29, 2026, the Court directed the Plaintiff to file any motion for fees and costs by June 15, 2026, "identifying what reasonable fees and expenses she is entitled to because of the May 18, 2026, postponement of trial." Min. Order (May 29, 2026). The Plaintiff moved for fees and costs on June 15, 2026. *See* Pl.'s Mot., ECF No. 71. True to form, Mr. Vanzego Jr. filed two responses to the Plaintiff's motion that largely overlap in substance. *See* Defs.' Resp., ECF Nos. 72 & 73. The Plaintiff's motion is fully briefed and ripe for review. *See* Pl.'s Reply, ECF No. 74; Pl.'s Suppl., ECF No. 75; Defs.' Resp. Pl.'s Suppl., ECF No. 76.

## LEGAL STANDARD

"On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference," Fed. R. Civ. P. 16(f)(1)(A), or "fails to obey a scheduling or other pretrial order," Fed. R. Civ. P. 16(f)(1)(C). "The court is to design the sanction to fit the violation." 6A *Wright & Miller's Federal Practice & Procedure*

§ 1531 (3d ed. Apr. 2026 update). "Rule 16(f) gives the Court a wide range of discretion in deciding what sanctions to impose." *Cogan v. Scott*, No. 19-cv-1797, 2022 WL 2191696, at *3 (D.D.C. June 17, 2022) (cleaned up). A court may also rely on its inherent power when fashioning a sanction. *See Chambers*, 501 U.S. at 45.

## DISCUSSION

The Court has already found that Mr. Vanzego Jr.'s noncompliance with Rule 16 warrants sanctions under Rule 16(f)(2) and the Court's inherent authority. *See* Min. Order (May 29, 2026).[2] Now, the Plaintiff requests fees and costs "for three hours of travel and time in Court on May 18, 2026," "the expenses of travel and lodging for witnesses from Texas to appear at trial," and "attorney fees as found just by the Court for the preparation of pleadings and prosecution" of the instant motion. Pl.'s Mot., ECF No. 71 at 2–3. Having considered the filings from both sides, the Court orders Mr. Vanzego Jr. to pay the Plaintiff $5,975.44, which the Court finds are "the reasonable expenses—including attorney's fees—incurred because of [his] noncompliance[.]" Fed. R. Civ. P. 16(f)(2); *Chambers*, 501 U.S. at 45.

[2] The Defendants challenge the Court's prior determination, contending that they "have consistently maintained that the circumstances surrounding the missed conference were not the product of bad faith." Def.'s Resp., ECF No. 72 at 10. But "[t]he Court need not find that the party acted in bad faith to impose a sanction—that a scheduling or other pretrial order was violated is sufficient to allow some sanction." *Cogan*, 2022 WL 2191696, at *3 (cleaned up). And the Defendants' noncompliance was not "substantially justified," nor are there "other circumstances mak[ing] an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). The Defendants largely say that Mr. Vanzego Jr.'s absence was because "[t]he relevant notice scheduling the [May 14] conference [being] transmitted electronically after normal business hours, and counsel [not] becom[ing] aware of it in a timely manner under ordinary office review procedures." Defs.' Mot. to Vacate, ECF No. 61 at 5. Setting aside for a moment that this was not the first time that Mr. Vanzego Jr. had missed a hearing, it is simply not credible that he did not see a hearing notice for more than a day after filing a motion to continue a trial that was days away. Nevertheless, the Court has already decided this issue on the record on May 18, 2026, and there are no grounds to revisit that determination.

*Plaintiff's Attorney Fees on May 18, 2026.* First, the Plaintiff seeks modest attorney fees incurred because trial was rescheduled. The Court agrees that Mr. Vanzego Jr. must pay the reasonable attorney fees incurred by the Plaintiff on May 18, 2026, the day that trial was scheduled to begin. Had Mr. Vanzego Jr. and his clients appeared on May 14, 2026, at the hearing scheduled to address their own motion to continue, the Court would have been able to understand Ms. Proctor's medical challenges and continued the trial then. But Mr. Vanzego Jr. failed to appear, making it impossible to address the situation. As a result, the Court had to wait until the morning of trial. The attorney fees associated with the Plaintiff's appearance on May 18, 2026, are plainly attributed to Mr. Vanzego Jr.'s noncompliance with a Court Order. Accordingly, Mr. Vanzego Jr. must pay the reasonable attorney fees incurred by the Plaintiff on May 18, 2026.

"The basic formula for calculating an attorney fee award" is to "multiply the number of hours reasonably expended in litigation by a reasonable hourly rate or lodestar." *DL v. District of Columbia*, 924 F.3d 585, 588 (D.C. Cir. 2019) (cleaned up). A reasonable rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). And "the relevant community is the one in which the district court sits." *Donnell v. United States*, 682 F.2d 240, 251 (D.C. Cir. 1982).

To determine the relevant rate, the Court must use a "burden-shifting framework[.]" *DL*, 924 F.3d at 588. First, the movant claims a certain fee and "justif[ies] the reasonableness" of the rate claimed. *Id.* (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). The movant can meet this burden by relying on "a matrix showing the average hourly price tag of comparable lawyers." *Id.* at 589. For instance, the D.C. Circuit has endorsed the *Laffey* matrix, which was compiled in the 1980s "by inquiring into the billing rates of firms in Washington, D.C.,

which were engaged in active litigation practice in the federal courts." *Id.* at 589 (cleaned up) (characterizing *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1521 (D.C. Cir. 1988) (en banc)). Courts in this District have also relied on other comparable matrices, such as the *Fitzpatrick* matrix. *See J.T. v. District of Columbia*, 652 F. Supp. 3d 11, 36 (D.D.C. 2023); *Brackett v. Mayorkas*, No. 17-cv-988, 2023 WL 5094872, at *5 (D.D.C. Aug. 9, 2023). Of course, "[n]o particular type of evidence can be considered gospel," and the movant "may point to additional evidence, which can include surveys to update the matrix," "affidavits reciting the precise fees that" similarly situated attorneys have received, "and evidence of recent fees awarded by the courts or through settlement to attorneys" in comparable circumstances. *DL*, 924 F.3d at 589 (cleaned up). Once the movant has justified her rate, "the claimed fee is presumed to be the reasonable fee . . . and the burden shifts to the defendant to present equally specific countervailing evidence if it seeks a different (presumably lower) rate." *Id.* at 589–90 (cleaned up).

Here, the Plaintiff seeks attorney fees for "three (3) hours of [her] attorney's time" on the trial date of May 18, 2026, "at the hourly rate . . . of $375," for a total of $1,125.00. Pl.'s Aff., ECF No. 71-3 at 1–2. The Plaintiff, whose attorney has 47 years of experience practicing law, *see* Pl.'s Suppl., ECF No. 75 at 4, points out that these fees are "modest by matrix standards," Pl.'s Reply at 3, and references the 2025 *Fitzpatrick* matrix for support, Pl.'s Suppl. at 4. The Court agrees. Counsel's hourly rate is $165 lower than even the most modest hourly matrix rate for 2025, *see* Pl.'s Suppl., ECF No. 75-1, and more than $200 below the lowest hourly rate for 2026.[3] *See Fitzpatrick* Matrix (2026), https://www.justice.gov/usao-dc/media/1449156/dl?inline. Thus, the

[3] The Court takes judicial notice of the current *Fitzpatrick* matrix posted on the official public website of the United States Attorney's Office for the District of Columbia. *See Pharm. Rsch. & Mfrs. of Am. v. HHS*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.").

Plaintiff has met her burden. And the Defendants have not presented any "countervailing evidence" that would justify a lower rate. *DL*, 924 F.3d at 591. Indeed, the "Defendants do not principally contest the $375 hourly rate" in their response to the Plaintiff's supplemental brief. Defs.' Resp. Pl.'s Suppl. at 1. Accordingly, the Court orders Mr. Vanzego Jr. to pay attorney fees incurred by the Plaintiff on May 18, 2026, in the amount of $1,125.00.

*Travel and Lodging Expenses for Plaintiff's Witnesses*. Next, the Plaintiff seeks expenses for two witnesses who traveled for trial. The Plaintiff arranged for two witnesses, Alyson and Fred Pirotina, to travel from Texas to Washington, D.C. to testify at trial. Pl.'s Aff., ECF No. 71-3 at 1. The Plaintiff agreed to pay $2,500.00 towards their travel and lodging expenses and deposited $2,500.00 with their attorney. *Id.* Mr. and Mrs. Pirotina traveled from Austin, Texas, to Washington, D.C., on May 17, 2026, and spent the night at a hotel, prepared to testify at trial the next day. *Id.* The Plaintiff has submitted an itemized list of travel expenses incurred by Mr. and Mrs. Pirotina which amount to $2,975.44. *See* Pirotina Aff., ECF No. 71-6. Again, these expenses are the direct result of Mr. Vanzego Jr.'s noncompliance with this Court's Order. "Planes would not have been boarded. Hotels would not have been booked." Pl.'s Resp., ECF No. 74 at 2. The Defendants argue that these expenses were "voluntarily incurred in anticipation of trial." Defs.' Resp., ECF No. 72 at 6. True, but they were needlessly incurred in anticipation of a trial that did not proceed "because of [the Defendants'] noncompliance[.]" Fed. R. Civ. P. 16(f)(2). And they will need to be reincurred when the case goes to trial. Thus, the Court orders Mr. Vanzego Jr. to pay travel and lodging expenses incurred by the Plaintiff's witnesses in the amount of $2,975.44.

*Attorney Fees Related to this Motion.* Finally, the Plaintiff requests "attorney fees as found just by the Court for the preparation of pleadings and prosecution" of their motion. Pl.'s Mot., ECF

No. 71 at 3.[4] The Plaintiff was directed to submit the motion for fees and costs "because of the May 18, 2026, postponement of trial," Min. Order (May 29, 2026), and the Court has already determined that the trial was belatedly postponed as a result of Mr. Vanzego Jr.'s conduct. Therefore, pursuant to Rule 16(f) and its inherent authority, the Court finds that five hours of attorney fees at the previously established rate of $375 per hour represent the reasonable expenses incurred for the prosecution of the Plaintiff's motion, including the preparation of the affidavits, exhibits, and supplemental brief in support. The Court orders Mr. Vanzego Jr. to pay these attorney fees incurred by the Plaintiff, in the amount of $1,875.00.

**CONCLUSION**

For the foregoing reasons, the Court orders Raymond Jerome Vanzego Jr., counsel for the Defendants, to pay a total of $5,975.44 to the Plaintiff.

A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: October 1, 2026

[4] In her supplemental brief, the Plaintiff upped the ante and asked for "an award of attorney fees for the prosecution of the instant motion in the amount of Nine Thousand Five Hundred Twenty-Five dollars" based on "25.40 hours" of time spent on the motion at an hourly rate of $375. Pl.'s Suppl. at 3, 5. While the Court has already determined that the $375 hourly rate is reasonable, the Court does not find that 25 hours is a reasonable expenditure of time to draft and submit a relatively straightforward motion for fees and costs, especially in light of the clarification provided by the Court in its August 31, 2026, Minute Order. *See* Min. Order (August 31, 2026).